UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
GARY WRIGHT
ASSISTANT UNITED STATES TRUSTEE
SHANE P. TOBIN
TRIAL ATTORNEY
903 SAN JACINTO BLVD., ROOM 230
AUSTIN, TX 78701
Telephone: (512) 916-5328
Fax: (512) 916-5331

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KB CUSTOM POOLS, LLC, | § | CASE NO. 24-10309-CGB |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

## MOTION TO DISMISS OR CONVERT CASE

TO THE HONORABLE CHRISTOPHER G. BRADLEY,
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (U.S. Trustee), hereby moves this Court to dismiss or convert the above-captioned case (Bankruptcy Case) for cause under 11 U.S.C. § 1112(b)(1),[1] and respectfully represents as follows:

**I.  SUMMARY OF ARGUMENT**

1. The Bankruptcy Case should be dismissed because KB Custom Pools, LLC (Debtor) does not maintain appropriate insurance to protect the estate and public. Debtor does not have any insurance coverage, including commercial general liability, which poses a risk to the

---

[1] Hereinafter, all references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "Section" or "§" are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated.

1

estate and to the public as Debtor continues to engage in construction projects. Debtor's failure to fulfill the duties of a debtor in bankruptcy is sufficient "cause" under Section 1112(b) to convert or dismiss the Bankruptcy Case. Dismissal is in the best interest of the estate and creditors as there does not appear to be sufficient assets for a Chapter 7 trustee to liquidate.

## II. JURISDICTION AND STANDING

2. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), 28 U.S.C. § 151, and 11 U.S.C. § 1112(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). The U.S. Trustee is a recognized party-in-interest with standing to request dismissal or conversion of a chapter 11 case. 28 U.S.C. § 586(a)(8).

## III. STATEMENT OF FACTS

3. Debtor filed the Bankruptcy Case on March 25, 2024, and elected to proceed under Subchapter V of Chapter 11. Dkt. # 1. Debtor alleges in its petition it is a small business as defined by Section 1182(1) and his aggregate noncontingent liquidated debts (excluding debts to insiders or affiliates) are less than $7,500,000. *Id.* Debtor continues operating his business as a debtor in possession pursuant to Sections 1107 and 1108. The 341(a) Meeting of Creditors was concluded on April 30, 2024.

4. Michael G. Colvard (Subchapter V Trustee) was appointed as the Subchapter V trustee and continues to serve in that capacity. Dkt. # 5.

5. Debtor is a pool design and construction company providing services to residential and commercial clients in the Austin area. Dkt. # 11, ¶ 4.

6. Debtor filed its Schedules and Statement of Financial Affairs (SoFA) on April 8, 2024. Dkt. # 27-28. Debtor valued its assets at $287,529.38, which included cash, office furniture and machinery, two vehicles, designs on all past pools, and the internet domain name and website

for kbcustompools.com. Dkt # 27, pp 3-12.

7. Debtor listed secured debt of $552,864.08. Dkt. # 27, p. 14. Debtor listed nonpriority unsecured claims of $2,743,421.49 for total debts of $3,299,285.57. Dkt. # 27, pp. 14 and 40.

8. As part of the initial debtor interview (IDI) held on April 8, 2024, the U.S. Trustee requested the Debtor provide various information, including, but not limited to, evidence of current automobile insurance and commercial general liability insurance, schedules, SoFA, and certain bank account statements. Debtor was further informed at the IDI that Debtor's first monthly operating report (MOR) would be due on May 20, 2024.

9. On the Initial Report signed by Debtor on April 8, 2024, and provided to the U.S. Trustee prior to the IDI, Debtor indicated that Debtor only has automobile insurance coverage on the 2020 Ford F150 truck in the name of George Barnett IV. At the IDI, Debtor disclosed the use of the 2021 Ford Ranger has been suspended and they anticipate the vehicle will be repossessed. The U.S. Trustee has not been provided proof of insurance for this vehicle.

10. On May 2, 2024, Debtor provided the Certificate of Liability Insurance for commercial liability insurance on GB Iv Design, LLC (GB IV). Exhibit 1, Certificate of Liability Insurance. Upon information and belief, GB IV is an affiliate of Debtor and is currently Debtor's subcontractor on various construction projects. Debtor is listed on the policy as a certificate holder. No proof of insurance indicating Debtor is insured has been provided to the U.S. Trustee. On information and belief, Debtor does not have any commercial liability coverage.

**IV. ARGUMENT**

11. Cause exists under Section 1112(b)(4)(C) to convert or dismiss this case because Debtor does not maintain appropriate insurance covering its commercial operations and its assets, thereby posing a risk to the estate and the public.

*a.   Statutory Framework*

12. Section 1112(b) of the Bankruptcy Code (the "Code") provides that the Court must dismiss or convert, whichever is in the best interests of creditors and the estate, if the movant establishes "cause," unless the court determines that appointment of a trustee or examiner under Section 1104(a) is in the best interests of creditors and the estate.[2] "The Code does not define 'cause,' but Section 1112(b)(4) provides a non-exhaustive list of examples of 'cause' that would support dismissal or conversion." *In re Baribeau*, 603 B.R. 797, 802 (Bankr. W.D. Tex. 2019).

13. Under Section 1112(b)(4), "cause" includes a debtor's failure to maintain appropriate insurance that poses a risk to the estate or to the public. 11 U.S.C. § 1112(b)(4)(C). "[T]he Court must also consider the totality of the circumstances" when determining whether "cause" exists to dismiss or convert a case under Section 1112(b)(1). *In re Baribeau*, 603 B.R. at 802 (citing *Matter of T-H New Orleans, L.P.*, 116 F.3d 790, 802 (5th Cir. 1997)). If the movant establishes cause, Debtor may avoid dismissal only if he can produce evidence of unusual circumstances demonstrating that conversion or dismissal is not in the best interests of creditors or the estate and, further, that there is a reasonable likelihood that a plan will be confirmed

---

[2] Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), the decision to convert or dismiss a chapter 11 case upon a showing of cause was discretionary. BAPCPA circumscribed a bankruptcy court's discretion by replacing "may" with "shall" and expressly mandating that the court dismiss or convert if the movant establishes cause. *See* 7 Alan N. Resnick, COLLIER ON BANKRUPTCY ¶1112.04[1] (15th ed. rev. 2009); *see also In re Gateway Access Solutions, Inc.*, 364 B.R. 556, 560 (Bankr. M.D. Pa. 2007) noting that under BAPCPA, the statutory language "has been changed from permissive to mandatory. The amendments to section 1112 limit the Court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause.

4

within a reasonable period of time. 11 U.S.C. § 1112(b)(1)-(2); *In re Baribeau*, 603 B.R. at 802.

b.  *Cause Exists to Dismiss the Case Because Debtor's Failure to Maintain Appropriate Insurance Poses a Risk to the Estate or to the Public*

14. Cause exists to convert or dismiss because Debtor does not maintain appropriate insurance covering its commercial operations and assets, which poses a risk to the estate and public. 11 U.S.C. § 1112(b)(4)(C). Section 1112(b)(4)(C) is designed to safeguard against a debtor's failure to maintain proper insurance that exposes the estate to liabilities that threaten creditors' recoveries, the stability of the bankrupt entity, or the public generally. *See In re Honx Inc.*, 2022 Bankr. LEXIS 3651, at *9 (Bankr. S.D. Tex. Dec. 28, 2022). A debtor that operates a business must maintain appropriate insurance to protect the estate and the public, including general liability coverage. *See In re H & S Truck Stop Travel Plaza LLC*, 610 B.R. 431, 433 (Bankr. W.D.N.Y. 2019) (debtor's failure to provide proof of general liability coverage, workers compensation insurance, and disability insurance is sufficient cause for dismissal under Section 1112(b)(4)(C)); *see also In re Delta AG Grp., LLC*, 596 B.R. 186, 196 (Bankr. W.D. La. 2019) (dismissing a case for failure to maintain insurance to address inherent risks in the debtors' business operation).

15. In response to the U.S. Trustee's request for proof of insurance, Debtor provided a Certificate of Liability Insurance for commercial liability insurance on GB IV, Debtor's affiliate and subcontractor. Exhibit 1. Debtor is listed on the policy as a certificate holder. A certificate holder is an entity to whom the certificate is being provided as evidence of insurance but does not have any protection from claims.[3]

16. Debtor has not provided proof of insurance to the U.S. Trustee indicating Debtor is

---

[3] For a discussion of the meaning of certificate holder and its difference from an additional insured, *see* https://getjones.com/guide/certificate-holder/.

insured. On information and belief, Debtor does not have any commercial liability coverage, or any other insurance covering its business operations or assets. Debtor designs and constructs pools, and already is involved in litigation for past construction projects. Debtor continues to provide services in constructing new pools, which potentially could lead to additional litigation posing a risk to the estate and public.

17. Debtor's failure to maintain appropriate insurance for its business operations and assets poses a risk to the estate and public and is cause under Section 1112(b)(4)(C) for dismissal or conversion.

c. *Dismissal of the Bankruptcy Case is in the Best Interests of Creditors and the Estate*

18. Once the Court determines cause exists under Section 1112(b)(1) to convert or dismiss the case, the Court must then determine whether conversion or dismissal "is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1).

19. Courts generally consider a non-exhaustive list of factors to determine what is in the best interest of the estate and creditors. *See In re Sandia Resorts, Inc.*, 562 B.R. 490, 495-96 (Bankr. D.N.M. 2016) (discusses 13 factors courts apply when determining whether conversion or dismissal in the best interest of creditors and the estate). Courts also consider the preferences expressed by parties in interest, especially neutral third parties such as the United States Trustee. *Id.*

20. The U.S. Trustee respectfully submits that dismissal is in the best interest of the estate and creditors because Debtor does not have sufficient assets to make a substantial payment to its creditors if a Chapter 7 trustee were to attempt to liquidate the estate. Debtor's conduct in this case, including its failure to maintain appropriate insurance, supports the dismissal of this case.

## V. CONCLUSION

For the reasons above, the U.S. Trustee requests that the Court enter an order dismissing the Bankruptcy Case and grant such further relief as the Court deems appropriate under the applicable law and rules of procedure.

Dated: May 6, 2024

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7
Southern and Western Districts of Texas


By: */s/Shane P. Tobin*
    Shane P. Tobin
    Trial Attorney
    CA State Bar No. 317282
    903 San Jacinto Blvd., Room 230
    Austin, TX 78701
    PH: (512) 916-5348/Fax: (512) 916-5331
    Shane.P.Tobin@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing **MOTION TO DISMISS OR CONVERT CASE** was served by electronic means for all Pacer system participants and/or by first class mail, postage prepaid, to all parties listed on the attached Service List (not attached to mailing copy) on May 6, 2024.

                                      */s/ Shane P. Tobin*
                                      Shane P. Tobin
                                      Trial Attorney